**Larry Dean WALLACE, Petitioner–Appellant,**

v.

**Glen MUELLER, Warden, et al., Respondents–Appellees.**

No. 02–56366.

D.C. No. CV–00–01855–K.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Larry Dean Wallace appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his three-strikes sentence for evading a police officer with reckless driving. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Wallace first contends that his 25–years–to–life sentence violates the equal protection clause. The district court correctly determined that because Wallace does not demonstrate that others similarly situated were systematically treated better than he, Wallace fails to establish a prima facie case of uneven application of Califor-

nia's three-strikes law. *See McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir.1991).

Wallace's next contention that his sentence of 25–years–to–life is grossly disproportionate in violation of the Eighth Amendment is foreclosed by *Lockyer v. Andrade,* —— U.S. ——, 123 S.Ct. 1166, 1172–75, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to or an unreasonable application of federal law), and *Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1185–90, 155 L.Ed.2d 108 (2003) (holding that a 25–years–to–life sentence under the California three-strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment). The district court therefore properly denied Wallace's petition. *Andrade,* 123 S.Ct. at 1175.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

